UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMARA HAWKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23 CV 1126 JMB |
| ) | |
| CHAMBERLAIN UNIVERSITY COLLEGE ) | |
| OF NURSING AND HEALTH SCIENCES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Now pending before the Court is Plaintiff Tamara Hawkin's Motion to Reopen Case Pursuant to Federal Rule of Civil Procedure 60(b), filed on October 29, 2024. (Doc. 13). For the reasons set forth below, the Motion is **DENIED**.

**Background**

Plaintiff Tamara Hawkins filed suit in the Circuit Court of the City of St. Louis on June 27, 2023, alleging claims related to her enrollment as a student at the "Chamberlain University College of Nursing and Health Sciences, Inc." in 2018 and 2019. (Doc. 1-2). After removing this case, Defendant filed a Motion to Dismiss on September 13, 2023. (Doc. 6). Plaintiff did not respond to the Motion despite being granted additional time to respond (Doc. 8). On October 27, 2023, this matter was dismissed, without prejudice, for failure to prosecute. (Doc. 11).

Plaintiff now seeks to reopen this case based on new evidence, fraud, and illness. In her motion, she refers to Exhibits A, B, C, and D, but only attached Exhibit D which appears to be her medical records. She describes Exhibit A as containing four documents of an "appeals process and correspondence regarding Plaintiff's appeal to remain in the nursing program." The four

documents are described as a November 12, 2018 "Initial Appeal," a November 12, 2018 "Appeals Committee Denial," "Email Correspondence" from November 12, 2018 to November 26, 2024, and a "President's reversal" dated November 26, 2024.  Exhibit B is described as containing letters from Plaintiff to the "University President" dated November 19, 2018 to May 26, 2020.  Exhibit C is described as e-mail correspondence to Plaintiff dated October 7, 2019 and November 8, 2020. Finally, Exhibit D contains Plaintiff's medical records from June 21, 2024 and October, 2024.

## Discussion

Federal Rule of Civil Procedure 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b) motions must be filed within a "reasonable time" and, "for reasons (1), (2), and (3), no more than a year after entry of the judgment or order or the date of the proceeding."  "The last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable." Kemp v. United States, 596 U.S. 528, 533 (2022).  The one-year time limit cannot be extended.  See FED.R.CIV.P. 6(b)(2).  Relief pursuant to Rule 60(b) is extraordinary and granted in only exceptional

circumstances. Coleman Consulting, LLC v. Domtar Corp., 115 F.4th 880, 888-889 (8th Cir. 2024).

Plaintiff is not entitled to relief for a variety of reasons. Plaintiff's claims of excusable neglect due to illness, newly discovered evidence, or misconduct by the opposing party are time-barred, having been raised more than a year after dismissal. Her claims were dismissed on October 27, 2023, and the motion was filed on October 29, 2024, 2 days late. See, e.g., Kennedy Bldg. Associates v. CBS Corp., 576 F.3d 872, 879-880 (8th Cir. 2009) (affirming denial of a Rule 60(b)(2) motion filed more than a year after a final district court order).

Even if Plaintiff's motion was timely, relief still would not be granted on her Rule 60(b)(1), (2) and (3) claims because her claims of newly discovered evidence or misconduct are not new, are unsupported, or are impossible (e.g., she refers to letters dated November 26, 2024), or immaterial to the issues raised in Defendant's motion to dismiss, or to the Court's reason for dismissal. See Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1535-1536 (8th Cir. 1996) (stating that Rule 60(b)(2) relief requires, among other things, due diligence and the probability of a different result); Greiner v. City of Champlin, 152 F.3d 787, 789 (8th Cir. 1998) (stating that Rule 60(b)(3) requires proof by clear and convincing evidence of fraud or misrepresentation that prevented plaintiff from presenting his case). Finally, while the Court recognizes Plaintiff's health concerns, they do not represent excusable neglect; there is no showing that Plaintiff's health prevented her from prosecuting this case for the entirety of October, 2023 to October, 2024. Accordingly, Plaintiff is not entitled to relief pursuant to Rule 60(b)(1), (2), or (3).

Plaintiff also refers to Rule 60(b)(6). Such motions are not subject to a one-year time limit but rather must be brought within a "reasonable time," which depends on the particular circumstances of the case. Middleton v. McDonald, 388 F.3d 614, 617 (8th Cir. 2004). As noted

above, Plaintiff's Rule 60(b)(6) claim must be for reasons other than excusable neglect, newly discovered evidence, or misconduct. Plaintiff raises no claims that can be considered "any other reasons that justifies relief."

Even if Plaintiff's health concerns are the "other reasons," Plaintiff does not elaborate on the effects of her health conditions or show how they are extraordinary circumstances entitling her to relief. In re Guidant Corp. Implantable Defibrillators Products Liability Litigation, 496 F.3d 863, 868 (8th Cir. 2007). The documents presented appear to show that Plaintiff suffered a heart attack in June, 2024 and she represents that she had an ulcer that was diagnosed in October, 2024. The documents, however, do not demonstrate how these conditions limited Plaintiff's ability to prosecute this case. Indeed, the medical records indicate that she was discharged in stable condition after her heart attack and directed to resume normal activity 4-8 weeks thereafter, upon consultation with her doctor. (Doc. 13-1, p. 3). Likewise, she was directed to resume normal activities after her October, 2024 medical appointment. (Doc. 13-2, p. 2). The records, then, do not account for a year-long incapacity or an inability to prosecute her case or present this motion in a timely manner. Accordingly, Plaintiff has failed to show that she is entitled to the extraordinary remedy contemplated by Rule 60(b)(6).

## Conclusion

For the foregoing reasons, the Motion to Reopen Case Pursuant to Federal Rule of Civil Procedure 60(b), (Doc. 13). is **DENIED**.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

Dated this 12th day of November, 2024.